UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-07770 AB (ADS)     Date: February 7, 2019

Title: *Charles Gaspard et al. v. The Breakfast Toms, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR 1) LACK OF SUBJECT MATTER JURISDICTION, 2) ATTEMPTING TO REPRESENT ANOTHER PRO SE, AND 3) FAILURE TO PAY FILING FEE OR SUBMIT IN FORMA PAUPERIS APPLICATION**

On September 6, 2018, Charles Gaspard ("Plaintiff") filed a Complaint ("Complaint") on behalf of himself and one other named plaintiff, Daveigh Schwallier, (collectively "Plaintiffs") against The Breakfast Toms, any and all individuals associated with The Breakfast Toms, and Cathy Chase (collectively, "Defendants"). [Dkt. No. 1].

**Order to Show Cause Why This Case Should Not Be Dismissed For Lack of Subject Matter Jurisdiction**

Plaintiff raises a breach of contract claim and contends the Court has diversity jurisdiction over his claims because he is a citizen of Louisiana and the defendants "are all, or the majority . . . are, citizens of the State of California." [Dkt. No. 1]. To establish diversity jurisdiction, Plaintiff is required to show 1) complete diversity among opposing parties and 2) an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). Plaintiff has not alleged facts that, if true, establish complete diversity between the parties, nor has Plaintiff alleged that the amount in controversy exceeds $75,000. [See Dkt. No. 1, pp. 1-3].

Federal courts do not have the power to consider claims for which they lack subject matter jurisdiction, Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), and federal plaintiffs bear the burden of alleging sufficient facts to establish that the court has jurisdiction to hear the claims.  See Smith v. McCullough, 270 U.S. 456, 459 (1926).

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE by no later than February 21, 2019**, why this case should not be dismissed in its entirety for lack of subject matter jurisdiction.  Plaintiff may discharge this order by filing a First Amended Complaint that alleges sufficient facts to establish that this Court has jurisdiction to hear his claims.  Plaintiff is advised that an amended complaint supersedes the original Complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  This means that the filing of an amended complaint entirely supplants or replaces the original or any prior complaint, which is "treated thereafter as nonexistent." Ramirez v. Cty. Of San Bernardino, 806 F.dd 1002, 1008 (9th Cir. 2015) (internal citations omitted).  **Plaintiff is warned that failure to file a timely response will result in the Court recommending that this case be dismissed in its entirely due to lack of subject matter jurisdiction.**

## Order to Show Cause Why This Case Should Not Be Dismissed For Attempting to Represent Another Pro Se and Failure to Sign Complaint and Follow Local Rules

Plaintiff is proceeding pro se and has named both himself and Daveigh Schwallier as plaintiffs, but only Plaintiff has signed the Complaint.  [Dkt. No. 1, pp. 1, 3].  It is unclear whether Plaintiff is attempting to represent both himself and Daveigh Schwallier or each of the Plaintiffs is representing himself or herself pro se.  As a pro se litigant, Plaintiff may not represent others.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that pro se litigant may not appear as attorney for others).  Additionally, pursuant to Central District of California Local Rule 11-1, all documents must be signed by the party appearing pro se.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE by no later than February 21, 2019**, why this case should not be dismissed as to plaintiff Daveigh Schwallier for attempting to represent another pro se and failing to comply with Local Rule 11-1.  Plaintiff may discharge this order by filing a First Amended Complaint that either 1) is signed by both Plaintiffs or 2) lists only Charles Gaspard as a plaintiff.  **Plaintiff is warned that failure to file a timely response will result in the Court recommending that this case be dismissed as to Daveigh Schwallier.**

## Order to Show Cause Why This Case Should Not Be Dismissed For Failure to Pay Court Filing Fee

Plaintiff has failed to pay the full filing fee of $400 and has failed to submit an in forma pauperis ("IFP") application in order to proceed without payment of the full filing fee.  [Dkt. Nos. 1, 2].  Plaintiff argues in his Motion for a Stay of the Proceedings ("Motion for Stay"), [Dkt. No. 3], that he should not have to pay the filing fee because he has filed his Complaint in four to six United States District Courts and "object[s] to completing and filing four or six motion to proceed in pauperis forms . . . on the grounds that (1) only one of the aforesaid four or six courts can entertain [this] same matter, and [this] same matter will later have to be dismissed from the other three or five courts, and (2) . . . Plaintiffs could possibly be subjected to duplicate or multiple costs in the same matter."  [Dkt. No. 3, p. 1].  This argument does not constitute an IFP request.  See 28 U.S.C. § 1915.  To proceed with his Complaint, Plaintiff is required to either pay the filing fee or submit an IFP application that establishes entitlement to IFP status.  See 28 U.S.C. § 1915; L.R. 5-2.

Plaintiff is advised that he must submit the IFP application with a certified copy of his prison trust fund account statement, as required by 28 U.S.C § 1915(a)(2).  Plaintiff is further reminded that he must also submit: (1) a signed Prisoner Authorization, authorizing disbursements from Plaintiffs prison trust fund account to pay the $400.00 filing fee; and (2) a signed Certificate of Authorized Officer.  (See Form CV-60P at 3).  Even if an IFP application is granted, prisoners are required to pay the full amount of the filing fee pursuant to 28 U.S.C § 1915(b).

Should Plaintiff contend that he is unable to obtain a certified trust fund account statement, he may instead provide: (1) a detailed declaration under oath identifying by name any prison official who refuses to provide the trust fund account statement, (2) copies or descriptions of all efforts to obtain the trust fund account statement (including Plaintiff's written requests to prison officials), and (3) copies or descriptions of all responses by prison officials regarding Plaintiff's attempts to obtain the trust fund account statement.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE by no later than February 21, 2019**, why this case should not be dismissed for failure to pay the filing fee by submitting a completed IFP application for all Plaintiffs.  Alternatively, Plaintiff may submit the filing fee to the clerk's office prior to that date.  **Plaintiff is warned that failure to file a timely response will result in the Court recommending that this case be dismissed for failure to pay the filing fee.**

The Clerk is directed to provide Plaintiff with a prisoner civil rights packet, including an in forma pauperis application (CV-60P).

**Plaintiff is warned that he must satisfactorily respond to all three of the Orders to Show Cause issued in this order by no later than February 21, 2019 or this case may be dismissed.**  If Plaintiff no longer wishes to pursue his claims in the Central District of California, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-009).

**IT IS SO ORDERED.**

Initials of Clerk kh